# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                               **Criminal Action No. 3:05-cr-70**
                                                        **(Judge Bailey)**

**DION RENE DREW,**

    **Defendant.**

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S PETITION FOR WRIT OF AUDITA QUERELA

### I. INTRODUCTION

On February 17, 2012, Defendant Dion Rene Drew ("Defendant") filed a Petition for Writ of Audita Querela ("Petition"). (ECF No. 176 ("Pet.").) On March 2, 2012, the undersigned entered an Order directing the Plaintiff, the United States of America ("Government") to respond to Defendant's Petition within twenty-eight (28) days from the entry of the Order. (ECF No. 178.) Specifically, this Order directed the Government to address "whether the Writ of Audita Querela is available to the petitioner based on the claims made in the petition, *i.e.*, do the claims raised in the petition fit the limited circumstances in which relief is still available pursuant to a Writ of Audita Querela." (*Id.* at 1.) The Government responded on March 23, 2012 ("Response"). (ECF No. 180 ("Resp.").) Defendant replied to the Government's Response on April 13, 2012 ("Reply"). (ECF No. 181 ("Reply").) The undersigned Magistrate Judge now issues this Report and Recommendation recommending that the District Judge dismiss Defendant's Petition.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2006, Defendant was convicted by a jury of one count of possession with intent

to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), one count of knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Jury Verdict, ECF No. 58.) On June 26, 2006, Defendant was sentenced to 151 months imprisonment on Count One, 120 months imprisonment on Count Three, and 60 months imprisonment on Count Two, to run concurrent and consecutive to the extent necessary to produce a total sentence of 211 months imprisonment. (Judgment in a Criminal Case, ECF No. 75.) Defendant appealed his conviction and sentence on June 27, 2006. (Notice of Appeal, ECF No. 73.) By per curiam opinion, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Petitioner's conviction and sentence on November 15, 2007. (ECF No. 92); *see also United States v. Drew*, 254 F. App'x 172, 2007 WL 4013587 (4th Cir. Nov. 15, 2007). On October 6, 2008, the United States Supreme Court denied Defendant's petition for a writ of ceritorari. *See Drew v. United States*, 555 U.S. 832 (2008).

By Order dated March 30, 2009, the Honorable John Preston Bailey, Chief United States District Judge, reduced Defendant's sentence on Count One to 121 months, plus 60 months of imprisonment on Count Two to run consecutively. (ECF Nos. 111, 112.) By Order dated November 1, 2011, Chief Judge Bailey reduced Defendant's sentence on Count One to 78 months imprisonment, to run concurrent with the 120 months imprisonment imposed for Count Three. (ECF No. 172.) The 60 months imprisonment imposed for Count Two continued to run consecutive to the sentence imposed for Count One. (*Id.*)

On September 4, 2009, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 130.) After receiving a response from the Government and a reply from

Defendant, the undersigned entered a Report and Recommendation in which he recommended that Defendant's § 2255 motion be denied and dismissed on the merits. (ECF No. 152.) The undersigned's Report and Recommendation was adopted in its entirety and Defendant's § 2255 motion was denied and dismissed with prejudice on June 2, 2011. (ECF No. 161.) Defendant's appeal of that Order was dismissed by the Fourth Circuit on December 6, 2011. (ECF No. 173); *see also United States v. Drew*, 2011 WL 6034778 (4th Cir. Dec. 6, 2011).

### III. CONTENTIONS OF THE PARTIES

#### A. *Defendant's Petition*

In his Petition, Defendant asserts that he is entitled to relief pursuant to the recent Supreme Court case *DePierre v. United States*, 131 S. Ct. 2225 (2011). (Pet. at 2.) According to Defendant, *DePierre* stands for the proposition that "cocaine base did not mean crack cocaine under [18 U.S.C.] §841(b)(1)." (*Id.* at 7 (alteration in original).) Instead, Defendant argues, he is only subject to a conviction and sentence on Count Three because the Government never proved beyond a reasonable doubt that "'cocaine base is always known as "crack."'" (*Id.* at 6.) Defendant asserts that he has sound reasons for failing to seek earlier relief under § 2255, particularly because *DePierre* was decided in 2011. (*Id.* at 7.) Therefore, Defendant alleges that this Court has the authority to consider his request pursuant to 28 U.S.C. § 1651, "The All Writs Act."[1] (*Id.* at 2-4, 8.)

#### B. *Government's Response*

In its Response, the Government seeks the denial of Defendant's writ for several reasons. First, the Government asserts that Defendant's remedy, if he has one available, "remains through

---

[1] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

a § 2255 petition." (Resp. at 2.) Second, the Government argues that Defendant raised the distinction between cocaine base and crack cocaine during his direct appeal to the Fourth Circuit and that this argument was found to be without merit. (*Id.* at 2, 5, 6.) Third, the Government asserts that *DePierre* is consistent with existing Fourth Circuit jurisprudence that the Government is not required to prove beyond a reasonable doubt that cocaine base generally refers to crack cocaine. (*Id.* at 5, 6.)

## C. Defendant's Reply

In his Reply, Defendant asserts that the "Government's position is base [sic] on mistaken facts, misapprehension of [his] position, and a misapplication of the law." (Reply at 1 (alteration in original).) Specifically, Defendant argues that the language in the Indictment confined the meaning of "cocaine base" to "crack cocaine" and that the Government did not present sufficient "evidence to support the jury's finding that the drug at issue was crack cocaine." (*Id.* at 2; *see also id.* at 4.) Overall, Defendant alleges that "[b]oth the evidence adduced at trial and the United States Supreme Court's promulgation on the processing of crack cocaine in *DePierre* substantiate the conclusion that [his] conviction for cocaine base is illegal." (*Id.* at 6 (alteration in original).)

## IV. ANALYSIS

"At common law, the writ of audita querela permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). However, although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished audita querela in the civil context, in *United States v. Morgan*, 246 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant

to the All Writs Act. Therefore, audita querela is potentially available "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and this is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Nonetheless, such common law writs survive only to the extent that they "fill the gaps" in the current system of federal post-conviction relief. *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997).

In this case, Defendant is barred from consideration of his claim pursuant to another motion to vacate under 28 U.S.C. § 2255 because *DePierre* is not retroactively applicable to cases on collateral review[2] and because of § 2255's limitation on successive petitions. However, simply because Defendant cannot, at this time, successfully raise his claims in the appropriate matter, that does not mean there is a "gap" in the current system of federal post-conviction relief. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) (statutory limits on successive habeas petitions does not create a "gap" in the post-conviction landscape that can be filled with common law writs); *Valdez-Pacheco*, 237 F.3d at 1080, *cited with approval in In re Watkins*, No. 06-07807, 2007 WL 1041035 (4th Cir. 2007) (per curiam) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs."). To find otherwise would be nonsensical. Every prisoner currently limited by the restrictions of § 2255 would simply be able to bypass those limitations merely by filing a writ of *audita querela* and those limitations would

---

[2] *United States v. Crump*, No. 7:06-cr-00007-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012) (noting that "*DePierre* is not retroactively applicable to cases on collateral review"); *Wilson v. United States*, No. 11-CV-1532, 2011 WL 6308907, at *3 (W.D. La. Nov. 29, 2011) ("*DePierre* has not been recognized or declared a retroactively applicable Supreme Court decision. It only clarified existing law."); *see also Williams v. United States*, No. 9:11cv118, 2012 WL 414893, at *2 n.1 (E.D. Tex. Jan 23, 2012) (citing *Wilson*).

have no meaning. Such action would fly in the face of the express intent of Congress in enacting the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1214, 1220 (AEDPA) that limits the rights of prisoners to file § 2255 motions.

Thus, because Defendant's claim is cognizable in a § 2255 motion, even if he is barred from raising it at this time, the writ of *audita querela* is not available to him. *See In Re Wright,* 437 F. App'x 214, 214-15, 2011 WL 2631389, at *1 (4th Cir. July 5, 2011); *Valdez-Pacheco*, 237 F.3d at 1080; *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) ((stating that "the writ is not available where, as here, the defendant may seek redress under § 2255"); *United States v. Ayala*, 894 F.2d 425, 430 (D.C. Cir. 1990) (concluding that, because the appellant's claims were "clearly cognizable in a section 2255 proceeding[,]" his "only proper remedy [was] a motion under section 2255"); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) (stating that, although the appropriateness of *audita querela* as a remedy in criminal cases is questionable, "what is plain is that it cannot lie simply to enable a defendant to file a section 2255 motion without complying with the rules governing such motions").

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Petition for Writ of Audita Querela (ECF No. 176) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to

appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Defendant Dion Rene Drew.

**DATED:** April 16, 2012

_/s/ David J. Joel_
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE