**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                         **CRIMINAL ACTION NO. 3:05-CR-70
(BAILEY)**

**DION RENE DREW,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Doc. 183], entered April 16, 2012. In that filing, the magistrate judge recommends that this Court deny *pro se* defendant Dion Rene Drew's Petition for Writ of *Audita Querela* [Doc. 176].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by May 7, 2012. On that date, Drew timely filed his Objections to the R&R [Doc. 185]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

**II.     Background**

On March 7, 2006, a jury convicted Drew of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(a)(2) ("Count Three"). On June 26, 2006, this Court sentenced Drew to 211 months imprisonment, consisting of 151 months on Count One and 120 months on Count Three, to be served concurrently, and 60 months on Count Two, to be served consecutively to Count One. ([Doc. 75] at 2).

On November 19, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Drew's convictions and sentence. ***United States v. Drew***, 254 Fed.Appx. 172 (4th Cir. 2007). Drew then filed for a writ of *certiorari* with the United States Supreme Court which was denied on October 20, 2008.

On March 30, 2009, this Court reduced Drew's term of imprisonment on Count One from 151 months to 121 months based upon the retroactive 2007 crack guideline amendments [Docs. 111-112]. On November 1, 2011, this Court again reduced Drew's term of imprisonment on Count One from 121 months to 78 months due to additional crack guideline amendments [Doc. 172].

On September 4, 2009, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 130].  On June 2, 2011, this Court adopted Magistrate Judge Joel's Report and Recommendation [Doc. 152] to deny and dismiss with prejudice Drew's § 2255 petition [Doc. 161].  The Fourth Circuit dismissed Drew's subsequent appeal of that decision on December 6, 2011.  ***United States v. Drew***, 456 Fed.Appx. 310 (4th Cir. 2011).

On February 17, 2012, Drew filed the instant Petition for Writ of *Audita Querela* [Doc. 176].  Drew requests relief from his convictions and sentences on Count One (Possession with Intent to Distribute Cocaine Base) and Count Two (Possession of Firearm in Furtherance of Drug Trafficking) pursuant to 28 U.S.C. § 1651, "The All Writs Act."  In support of his request, Drew cites the Supreme Court's June 2011 decision in ***Depierre v. United States***, 131 S.Ct. 2225 (2011), which he argues retroactively requires the Government to prove beyond a reasonable doubt that the drug involved was crack cocaine.

On April 16, 2012, Magistrate Judge Joel entered the instant R&R [Doc. 183] recommending that this Court deny Drew's petition.  In support of his recommendation, the magistrate judge finds that Drew's claim remains cognizable under 28 U.S.C. § 2255. Drew objects [Doc. 185].

**III.    Discussion**

Upon a *de novo* review of the Petition for Writ of *Audita Querela*, this Court agrees with the reasoning and conclusion of Magistrate Judge Joel.  Specifically, this Court agrees that because Drew's claim remains cognizable under 28 U.S.C. § 2255, he is precluded from seeking a writ of *audita querela*.

3

As an initial matter, this Court finds it appropriate to describe the origin of the writ of *audita querela* and its limited application in today's landscape of post-conviction relief. *Audita querela* is a Latin phrase meaning "the complaint having been heard" and is defined as "[a] writ available to a judgment creditor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACKS LAW DICTIONARY 141 (8th ed. 2004). This writ, "introduced during the time of Edward III, was available to re-open a judgment in certain circumstances. It was issued as a remedy to [a] defendant where an important matter concerning his case had arisen since the judgment. Its issue was based on equitable, rather than common law principles." L.B. Curzon, ENGLISH LEGAL HISTORY 103 (2d ed. 1979). "Audita querela is distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas audita querela may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable." 7A C.J.S. AUDITA QUERELA § 2, at 901 (1980). Today, *audita querela* is found in the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In this context, *audita querela* is potentially available "where there is a legal . . . objection to a conviction [which] is not redressable pursuant to another post-conviction remedy." **United States v. LaPlante**, 57 F.3d 252, 253 (2d Cir. 1995).

Here, Drew claims that his drug convictions and sentences are invalid. Such challenges are typically required to proceed under 28 U.S.C. § 2255. *See **In re Jones***, 226 F.3d 328 (4th Cir. 2000). As noted above, Drew has already filed a § 2255 petition, which this Court denied in June 2011. Pursuant to § 2255(h), "[a] second or successive motion

4

must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Drew does not identify any newly discovered evidence.  In addition, **DePierre** has not to date been made retroactive to cases on collateral review by the Supreme Court.  See **United States v. Crump**, 2012 WL 604140, *2 (W.D. Va. Fed. 24, 2012) (noting that "**Depierre** is not retroactively applicable to cases on collateral review"); **Wilson v. United States**, 2011 WL 6308907, *3 ("**Depierre** has not been recognized or declared a retroactively applicable Supreme Court decision.").  At this time, therefore, Drew is barred from filing a successive § 2255 petition.  However, *audita querela* is not available on this basis.  See **United States v. Valdez-Pacheco**, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.") (citations omitted); *see also* **In re Watkins**, 223 Fed.Appx. 265 (4th Cir. 2007) (citing **Valdez-Pacheco** with approval).  Accordingly, Drew's petition should be **DENIED**.

IV.     Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 183]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report.  Further, Drew's Objections **[Doc. 185]** are **OVERRULED**.  Accordingly, Drew's Petition for Writ of *Audita Querela*

**[Doc. 176]** is hereby **DENIED**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Drew a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* defendant.

**DATED:** June 8, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE