IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.             CRIMINAL ACTION NO. 3:05-CR-70
               (BAILEY)

**DION RENE DREW,**

 Defendant.

### ORDER CLARIFYING SENTENCE

On this day, the above-styled matter came before this Court upon consideration of the *pro se* defendant's letter dated October 15, 2013, which this Court will construe as a Motion to Clarify Sentence [Doc. 193]. Having reviewed the Motion, this Court is of the opinion that the BOP's sentence computation does not reflect the sentence imposed. Accordingly, the defendant's Motion is well taken.

On March 7, 2006, a jury convicted Drew of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(a)(2) ("Count Three"). On June 26, 2006, the late Honorable Judge W. Craig Broadwater sentenced defendant Drew to 211 months imprisonment, consisting of 151 months on Count One and 120 months on Count Three, to be served concurrently, and 60 months on Count Two, to run consecutive to Count One. ([Doc. 75]

1

at 2).

On March 30, 2009, this Court reduced Drew's term of imprisonment on Count One from 151 months to 121 months based upon the retroactive 2007 crack guideline amendments [Docs. 111-112]. On November 1, 2011, this Court again reduced Drew's term of imprisonment on Count One from 121 months to 78 months under the Fair Sentencing Act [Doc. 172].

I.

Defendant Drew has attached a copy of his Sentence Monitoring Computation Data Sheet to his Motion [Doc. 193-1]. His Data Sheet indicates that Drew's Total Term in Effect is 180 months. It appears this total is a result of running Count Two consecutive to both Counts One and Three. As previously noted, however, the Honorable Judge Broadwater specifically ordered that Count Two shall only run consecutive to Count One.

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Judge Broadwater specifically ordered that Count Two shall only run consecutive to Count One. This Court "may not modify [that] term of imprisonment . . .." 18 U.S.C. § 3582(c)(2). None of the enumerated exceptions contained in that provision apply in this

case. Nor does this Court believe that the Bureau of Prisons' possesses the authority to contravene the sentencing judge's imposition of sentence. While the statute in question, 18 U.S.C. § 924(c)(D)(2), states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person," Judge Broadwater did just that. The United States chose not to appeal this Judgment; accordingly, this Court finds that the sentence imposed shall remain in force.

II.

Pursuant to USSG § 3D1.4, Judge Broadwater originally found an adjusted offense level for Group One (Count 1) of 32. He found the adjusted offense level for Group Two (Count 3) to be 20. With no further increases, the Combined Adjusted and Total Offense Level was 32. Accordingly, Judge Broadwater calculated the applicable guideline range using the Total Offense Level 32, Criminal History Category III, for a guideline range of 151-181 months. The statutory maximum penalty for Count Three was 120 months. Because this penalty was less than that imposed on Count Three and was to run concurrent to Count One, Judge Broadwater simply applied the statutory maximum rather than calculate the lower guideline range Count Three would have produced. This, of course, was not an issue until the amendments to the crack cocaine guidelines came into play. Following the two crack cocaine reductions, which produced a base offense level 26 on Count One, the statutory maximum for Count Three became the greater of the two concurrent sentences. This Court finds such a result is wholly contradictory, rather than "consistent with the applicable policy statements issued by the Sentencing Commission" in its efforts to reduce the disparity in the crack cocaine guidelines. 18 U.S.C. § 3582(c)(2).

The applicable policy statement provides as follows:

> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced . . .."

USSG § 1B1.10(b)(1).

With the benefit of hindsight, and in keeping with the spirit of § 3D1.4, such calculation under the 2005 Guidelines would have produced an adjusted offense level for Group One of 26, plus a one unit increase, resulting in a Total Offense Level of 27. With a Total Offense Level 27, Criminal History Category III, the guideline range would be 87-108 months. Applying the lowest end of the guideline as Judge Broadwater did, the new term of imprisonment should be 87 months. See USSG 1B1.10, comment (n. 3). Now recognizing Count One as carrying a lessor sentence than the statutory maximum sentence arbitrarily imposed on Count Three, it now also becomes important to calculate the guideline in effect at the time for Count Three. As previously noted in the Presentence Investigation Report, the Total Offense Level for Count Three is 20. With a Criminal History Category III, this produces a guideline range of 41-51 months. Judge Broadwater ordered these two counts to run concurrently, which would produce a total sentence of 87 months, Count One being the greater of the two. Judge Broadwater then properly imposed a 60-month statutory minimum sentence on Count Two, to run consecutive to the sentence imposed on Count One. As such, the total term of imprisonment is now 147 months.

This Court believes this outcome reflects the spirit of both Judge Broadwater's

Judgment and the stated objectives of the United States Sentencing Commission. This Court further finds that this sentence is adequate to reflect the seriousness of the offense and to promote respect for the law, and to serve the goals of deterrence, incapacitation, just punishment and rehabilitation. See generally 18 U.S.C. § 3553(a).

Upon consideration of all of the above, it is the opinion of this Court that the *pro se* defendant's Motion to Clarify Sentence **[Doc. 193]** should be, and the same is, hereby **GRANTED** for the reasons stated herein.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record, to the Bureau of Prisons, and to mail a copy to the *pro se* defendant.

**DATED:** November 4, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE